

*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

---

*The Jacob K. Javits Federal Building
26 Federal Plaza, 38th Floor
New York, New York 10278*

April 4, 2025

**BY ECF & EMAIL**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:   *United States v. Real Property Located at 1 Central Park West, Unit 32G, New York, New York 10023*, 24 Civ. 2420 (KPF)

Dear Judge Failla:

    The Government respectfully submits this letter motion seeking a six-month stay of the above-referenced matter, pursuant to 18 U.S.C. § 981(g)(1). The Government is filing under separate cover an *ex parte* letter that provides more detailed information as to why the Government is seeking this stay.[1]

    Under Section 981(g)(1), "[u]pon the motion of the United States, the court *shall* stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation." 18 U.S.C. § 981(g)(1) (emphasis added). A related criminal investigation is "an actual…investigation in progress at the time at which the request for the stay…is made." 18 U.S.C. § 981(g)(4). "In determining whether a criminal…investigation is 'related' to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors." *Id*.

    By this letter, and as discussed in more detail in the Government's *ex parte* submission, the Government confirms that there is a criminal investigation in progress that relates to the civil forfeiture proceeding that has the requisite degree of similarity with the civil forfeiture proceeding to justify the requested stay.

---

[1] 18 U.S.C. § 981(g)(5) authorizes the Government to submit *ex parte* materials in support of a Section 981(g)(1) stay.

The central question in determining the propriety of a stay under Section 981(g)(1) is whether discovery in the civil case "will subject the government's criminal investigation to early and broader civil discovery than would otherwise be possible" in the context of a criminal investigation or prosecution. *United States v. One Assortment of 73 Firearms*, 352 F. Supp. 2d 2, 4 (D. Me. 2005); *see also United States v. $278,780.80 in Funds*, No. 11 Civ. 555 (KBF), 2012 WL 4747209, at *1 (S.D.N.Y. Oct. 4, 2012) (noting United States Magistrate Judge Debra Freeman's granting of temporary stay pursuant to Section 981(g)(1) after review of Government's *in camera* submission); *United States v. All Funds on Deposit in Suntrust Account Number XXXXXXXX8359*, 456 F. Supp. 2d 673 (D.D.C. 2006) (granting stay on the basis that civil discovery would interfere with pending criminal investigation); *United States v. All Funds on Deposit in Business Money Market Account No. 028-0942059-66*, 319 F. Supp. 2d 290 (E.D.N.Y. 2004) (civil action stayed because it would compromise pending criminal proceeding); *United States v. Armstrong*, No. 99 Cr. 997 (LLM), 2003 WL 2146503, *1 (S.D.N.Y. June 20, 2003) (noting the Court's authority to stay a civil forfeiture proceeding due to a pending "related criminal investigation"). For this reason, the Government is not required to make a particularized showing of prejudice or specific harm. *United States v. One 2008 Audi R8 Coupe Quattro*, 866 F. Supp. 2d 1180, 1184 (C.D. Cal 2011). Requiring such a showing would result in the very prejudice the statute is designed to prevent. *Id.* The Government need only show that an adverse impact is likely, and that showing is made where an agent or government attorney with knowledge of the civil forfeiture case and the ongoing criminal investigation so states. *See, e.g., United States v. $1,026,781.61 in United States Currency*, No. CV 09-4381, 2013 WL 4714188, *1 (C.D. Cal. July 29, 2013); *United States v. Various Vehicles, Funds and Real Properties*, No. 2:11-1528, 2012 WL 4050829, *2 (D.S.C. Sept. 13, 2012). When the Government makes such a showing, the imposition of a stay is "automatic" based on the mandatory language of the statute. *United States v. 3039.375 Pounds of Copper Coins*, No. 1:08-cv-230, 2008 WL 4681779, *1 (W.D.N.C. Oct. 21, 2008).

Under this legal standard, a stay is warranted here. The Government's *ex parte* letter details a criminal investigation that is sufficiently similar to this civil forfeiture case to justify a stay and how early disclosure of the evidence generated to date may compromise the ongoing criminal investigation. This is the precise harm that Section 981(g)(1) stays are designed to prevent.

For all of these reasons, and the reasons set forth in the Government's *ex parte* letter, the Government respectfully requests that the Court issue a stay of the civil forfeiture case for six months due to the pending federal criminal investigation. If the Court grants such a stay, the Government will update the Court on the status of the criminal investigation before the end of the six-month period.

Thank you for your consideration of this matter.

                Respectfully submitted,

                MATTHEW PODOLSKY
                Acting United States Attorney

By:     _____
                Benjamin A. Gianforti
                Assistant United States Attorney
                (212) 637-2490

                Joshua L. Sohn
                Trial Attorney
                (202) 353-2223

Cc: Jeffrey Alberts & Aaron Wiltse, Esq., Counsel to Ecree