UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                    Plaintiff,

                    -v.-

REAL PROPERTY LOCATED AT 1 CENTRAL PARK
WEST, UNIT 32G, NEW YORK, NEW YORK,
10023,

                    Defendant.

24 Civ. 2420 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

In this civil forfeiture action, in which the Government seeks the
forfeiture of real property located at 1 Central Park West, Unit 32G, New York,
New York, 10023, the Government has requested a six-month stay of discovery
pursuant to 18 U.S.C. § 981(g)(1), ostensibly so as not to hinder a related,
ongoing criminal investigation.  In addition to the publicly available documents
related to this motion (*see* Dkt. #42 (Government's letter-motion requesting a
stay), 43 (Claimant's opposition brief), 44 (Government's reply letter)), the
Government has offered two *ex parte* submissions to the Court, which
submissions provide more specific reasons as to why, in its view, civil discovery
would impede its criminal investigation.[1]  For the reasons set forth herein, the
Court agrees with the Government and hereby grants the motion to stay.

---

[1]    Under 18 U.S.C. § 981(g)(5), when moving for a stay, the United States "may, in
appropriate cases, submit evidence ex parte in order to avoid disclosing any matter that
may adversely affect an ongoing criminal investigation or pending criminal trial."  The
Court therefore accepts the Government's *ex parte* submissions and deems such
submissions appropriate in this case.

**ANALYSIS**

Pursuant to 18 U.S.C. § 981(g)(1), "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." When granting such a stay, a court "must find both [i] a relation between the current forfeiture proceeding and a criminal case or investigation, and [ii] that 'continuation of the forfeiture proceeding will burden … the related investigation or case.'" *United States* v. *$845,130.00 of Funds Associated with Apex Choice Ltd.*, No. 18 Civ. 2746 (RC), 2020 WL 6581781, at *1 (D.D.C. Nov. 10, 2020) (hereinafter, "*$845,130.00 of Funds*") (quoting 18 U.S.C. § 981(g)(2)). To determine whether a forfeiture case is related to a criminal case, a court looks to the "degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors." 18 U.S.C. § 981(g)(4). The court then must determine whether there would be an adverse effect upon a criminal investigation or prosecution as a result of the continuation of the forfeiture proceeding. *See United States* v. *All Funds on Deposit in Bus. Mkt. Acct. No. 028-0942059-66*, 319 F. Supp. 2d 290, 294 (E.D.N.Y. 2004) (hereinafter, "*Acct. No. 028-0942059-66*").

Here, the Government has proven sufficient overlap between the criminal and civil matters, such that the actions are "related" within the meaning of Section 981(g)(1). Indeed, the Government's *ex parte* submissions have shown

2

that the criminal investigation and the civil forfeiture action are predicated on similar facts and circumstances. Such a showing is sufficient to meet the first statutory requirement of Section 981(g)(1). *See, e.g., Acct. No. 028-0942059-66*, 319 F. Supp. 2d at 294 (noting that there was "no question" that the criminal and civil matters were related when they shared "common facts and witnesses and allege[d] similar schemes"); *United States* v. *Sum of $70,990,605*, 4 F. Supp. 3d 209, 212 (D.D.C. 2014) ("Because the United States' criminal investigation stems, at least in part, from the same conduct that gives rise to this forfeiture action, the facts and circumstances involved in both the criminal and civil proceedings are similar.").[2]

Turning to the second statutory factor, the Court must determine whether the continuation of the forfeiture proceeding would burden the related criminal investigation. 18 U.S.C. § 981(g)(2)(C). "Adversity can be found when the discovery process 'would burden law enforcement officials who are otherwise conducting a contemporaneous criminal investigation' or would lead to the disclosure of confidential information, the government's criminal strategy, or otherwise undiscoverable evidence in the criminal process." *$845,130.000 of Funds*, 2020 WL 6581781, at *2 (quoting *United States* v. *All Funds on Deposit in Suntrust Acct. No. XXXXXXXX8359, in Name of Gold & Silver Rsrv., Inc.*, 456 F. Supp. 2d 64, 66 (D.D.C. 2006) (hereinafter, "*Suntrust*

---

[2]    Claimant argues in opposing the stay that any related criminal acts "that occurred in connection with the purchase of the Apartment are subject to a five-year limitations period." (Dkt. #43 at 7). The Court disagrees that all related proceedings are necessarily time-barred, and finds that the Government's *ex parte* submissions sufficiently state a theory for a timely (and related) criminal investigation.

*Acct. No. 8359*")).  And as courts frequently recognize, "[w]here civil discovery would subject the [G]overnment's criminal investigation to 'early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding,' a stay should be granted."  *Id.* (quoting *Suntrust Acct. No. 8359*, 456 F. Supp. 2d at 65-66); *see also Campbell* v. *Eastland*, 307 F.2d 478, 487 (5th Cir. 1962) ("In handling motions for a stay of a civil suit until the disposition of a criminal prosecution on related matters and in ruling on motions under the civil discovery procedures, a judge should be sensitive to the difference in the rules of discovery in civil and criminal cases.  While the Federal Rules of Civil Procedure have provided a well-stocked battery of discovery procedures, the rules governing criminal discovery are far more restrictive."); *United States* v. *$278,780.80 in Funds*, No. 11 Civ. 555 (KBF), 2012 WL 4747209, at *3 (S.D.N.Y. Oct. 4, 2012) ("The law clearly provides for much more limited discovery in the criminal context than the civil, and for that reason, stays of civil forfeiture actions are routinely granted during the pendency of related criminal proceedings.").

In this case, the Government has shown, including through its *ex parte* submissions, that civil discovery would adversely affect the ability of the Government to conduct its criminal investigation.  First, as noted, the scope of civil discovery is generally far greater than that of criminal discovery.  Additionally, proceeding to discovery would potentially require the Government to disclose sensitive witnesses, and could very well lead to general disruptions to the criminal investigation, which is not, at this time, public.  While Claimant

correctly points out that "[n]o party in this case has propounded discovery

requests" yet (Dkt. #43 at 4), such an exchange of discovery is not a

requirement for granting a stay under Section 981(g).  Indeed, courts frequently

grant such stays before discovery has commenced.  *See $845,130.00 of Funds*

*Associated*, 2020 WL 6581781, at *2 (granting a stay "even though the

defendants allege[d] that they will not engage in discovery"); *Acct. No. 028-*

*0942059-66*, 319 F. Supp. 2d at 294 (granting a stay because "information

routinely ordered disclosed in civil matters would compromise" the criminal

investigation).  Accordingly, the Court finds that both statutory factors weigh in

favor of the granting of a stay.

## CONCLUSION

Because the Government has provided a sufficient showing to

"determine[ ] that civil discovery will adversely affect the ability of the

Government to conduct" its criminal investigation and to prosecute its criminal

case, the Court GRANTS its motion to stay.  18 U.S.C. § 981(g)(1).  This civil

forfeiture action is hereby STAYED until **November 20, 2025**.  On or before

November 20, 2025, the parties shall submit a joint letter to the Court,

indicating their positions as to whether the stay should be lifted.  The Clerk of

Court is directed to terminate the pending motion at docket entry 42.

      SO ORDERED.

Dated:   May 20, 2025
       New York, New York

_____
      KATHERINE POLK FAILLA
      United States District Judge