November 18, 2025

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007



Re:  ***United States v. Real Property Located at 1 Central Park West,
Unit 32G, New York, New York 10023***, 24 Civ. 2420 (KPF)

Dear Judge Failla:

   Pursuant to the Court's order of May 20, 2025 (ECF No. 45), the parties respectfully submit this Joint Letter regarding the existing stay in this case and whether such stay should be extended.

   **Government's Position**: The Government requests that the stay be extended for an additional 60 days (*i.e.*, through January 19, 2026)[1] so the Government can conclude one discrete task in its ongoing criminal investigation. The details of this task are set forth in the *ex parte* letter of Joshua L. Sohn, which is being emailed to chambers contemporaneously with this joint letter.

   **Claimant's Position**: Claimant Ecree opposes any extension of the stay. This investigation has, apparently, been ongoing since April 2019—more than six and half years. Ecree's property has been tied up by this litigation for more than a year and half, and the Government seeks even more time before it is called upon to actually litigate its case. This delay has gone on long enough, and the Court should decline the Government's request.

   If all that truly remains to accomplish in the investigation is "one discrete task," it is highly doubtful that this case needs to be stayed in its entirety. The better course of action is for the Court to lift the stay and allow discovery to proceed subject to the minimum limitations necessary to ensure that the investigation is not adversely affected. It seems very likely, for example, that at least some degree of document production should be able to occur without adversely affecting any investigation. Before extending the stay, the Court should require the Government to articulate with specificity why no discovery whatsoever can proceed and why it should extend

---

[1] The case is currently stayed through November 20, 2025.

the stay when "no lesser alternatives (such as a protective order, or preliminarily limiting discovery to certain areas or types) have even been attempted." *United States v. $3,592.00 United States Currency*, 2016 WL 5402703, at *2 (W.D.N.Y. Sept. 28, 2016).

Respectfully submitted,

JAY CLAYTON
United States Attorney
Southern District of New York

By:    /s/ Josiah Pertz
Josiah Pertz
Assistant United States Attorney

MARGARET A. MOESER
Chief, Money Laundering, Narcotics
and Forfeiture Section

By:    /s/ Joshua L. Sohn
Joshua L. Sohn
Trial Attorney

PRYOR CASHMAN LLP

By:    /s/ Jeffrey Alberts
Jeffrey Alberts
Aaron Wiltse
7 Times Square, Suite Level 40
New York, NY 10036
Tel: 212-326-0800
Email: jalberts@pryorcashman.com
Email: awiltse@pryorcashman.com

*Counsel for Claimant Ecree LLC*

The Court has reviewed the parties' above joint status letter regarding the extension of the stay in this case (Dkt. 49), as well as the Government's *ex parte* submission. The Government's request to extend the stay 60 days is GRANTED for the same reasons as set forth in the Court's May 20, 2025 Order. (*See* Dkt. #45). This action is to remain STAYED until **January 19, 2026.** The Court notes, however, that it does not anticipate granting any further extension of the stay.

On or before **January 19, 2026,** the parties shall submit a joint letter to the Court proposing next steps in the litigation.

Dated:      November 19, 2025              SO ORDERED.
            New York, New York


                                           HON. KATHERINE POLK FAILLA
                                           UNITED STATES DISTRICT JUDGE